```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
CALVIN MOORE,
                              Petitioner,
    -against-
THOMAS M. POOLE, Superintendent,
Five Points Correctional Facility
                              Respondent.
------------------------------------------------------------------- X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

BROOKLYN OFFICE

07-CV-3046 (ARR)(LB)

OPINION AND ORDER

NOT FOR ELECTRONIC
OR PRINT
PUBLICATION

ROSS, United States District Judge:

On July 16, 2007, pro se petitioner Calvin Moore commenced the instant action by filing a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of a Kings County conviction for robbery in the first degree, assault in the first degree, and burglary in the first degree. For the following reasons, the petition is dismissed without prejudice as premature.

## Procedural History

Petitioner was sentenced on March 15, 2004. (Pet. ¶ 2.) Prior to sentencing, petitioner filed a petition in this court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (See Moore v. Walsh, No. 04 Civ. 0741, Dkt. No. 1.) By order dated March 8, 2004, this court dismissed that petition, "without prejudice, to renewal upon exhaustion of the remedies available in the courts of the State of New York." (Id., Dkt. No. 3.) In the March 8, 2004, order, the court explained to petitioner the nature of the exhaustion requirement and advised petitioner of the

1

one-year period of limitation applicable to § 2254 petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1).

## Discussion

In the instant petition, petitioner alleges that he has pursued several state court remedies in order to exhaust his claims and, moreover, that some of these motions are still pending in the state courts. Petitioner alleges that his motion for leave to appeal the Appellate Division's denial of his application for a writ of error coram nobis is still pending in the New York Court of Appeals. (Pet. at ¶ 21, 28.) Petitioner also alleges that he has a motion to vacate his conviction pursuant to N.Y. Crim. Proc. L. § 440.10 still pending in the New York Supreme Court, Kings County. (Pet. at ¶ 22, 28.) Several claims raised in the instant petition, such as ineffective assistance of appellate and trial counsel and perjured testimony, are, therefore, not yet exhausted.

The court previously explained to petitioner,

> As a prerequisite to habeas relief, § 2254 requires exhaustion of all available state remedies. 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982); Picard v. Connor, 404 U.S. 270, 275-76 (1971); Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997); Dorsey v. Kelly, 112 F.3d 50, 52 (2d Cir. 1997); Daye v. Attorney Gen. of the State of New York, 696 F.2d 186, 190-92 (2d Cir. 1982) (en banc) (petitioner must set forth in state court all of the essential factual allegations and legal premises asserted in his federal petition), cert. denied, 464 U.S. 1048 (1984). Premised on the principles of comity, the exhaustion doctrine assures the "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions," and "increas[es] the likelihood that the factual allegations necessary to a resolution of the claim will have been fully developed in the state court, making federal habeas review more expeditious." Daye, 696 F.2d at 191. Although both federal and state courts are charged with securing a state criminal defendant's federal rights, the state courts must be

given the opportunity to consider and correct any violations of federal law. Jones, 126 F.3d at 413.

Moore v. Walsh, No. 04 Civ. 0741, Dkt. No. 3.

Petitioner appears to have filed the instant petition, despite the failure to fully exhaust his claims, in order to comply with AEDPA's one-year period of limitation. As the court previously advised petitioner, AEDPA provides for a one-year period of limitation that runs from the date on which the latest of the following four events occurs:

(A) the direct review of the petitioner's conviction is final;

(B) an unconstitutional or illegal state-created impediment that precluded the petitioner from filing his petition was removed;

(C) a new constitutional right was announced by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the factual predicate for the petition was – or could have been – discovered by the petitioner through exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Generally, the statute of limitations runs from the date on which a petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(A). A petitioner's conviction is considered final when direct appellate review in the state court system is complete and either certiorari proceedings in the United States Supreme Court are complete or, if no petition for certiorari is filed, the expiration of the time to seek direct review via certiorari has expired. Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001).

In this case, the Appellate Division affirmed petitioner's conviction on May 16, 2006, People v. Moore, 29 A.D.3d 825 (N.Y. App. Div. 2d Dep't 2006), and the Court of Appeals denied leave to appeal on July 13, 2006, (Pet. at ¶ 10). Petitioner's conviction thus became final ninety days later, on October 11, 2006, the date that time to seek a writ of certiorari from the United States Supreme Court on direct review expired.

In addition, AEDPA provides for the one-year limitation period to be tolled while state post-conviction motions are pending: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Based on the allegations in petitioner's complaint, petitioner has had applications for state relief pending since even before his conviction became final and, as discussed above, applications are currently pending.[1]

---

[1] To avoid any problems with the statute of limitations, petitioner should file any renewed § 2254 habeas petition promptly after fully exhausting the motions pending in state court.

## Conclusion

Accordingly, the petition is dismissed without prejudice to renewal upon exhaustion of the remedies available in the courts of the State of New York. 28 U.S.C. § 2254(b). As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
July 27, 2007

SERVICE LIST:

<u>Pro Se Petitioner</u>
Calvin Moore
04A1614
Five Points Correctional Facility
State Route 96
P.O. Box 119
Romulus, NY 14541